## JOHN R. PROCTOR, ET AL., *v.* THOMAS M. DICKEY, ET AL.

**Injunction—Recovery on Injunction Bond.**

Where the owner of a judgment is enjoined from selling property on execution under it, wrongfully procured by the defendant, and which is dissolved, the defendant cannot escape liability for damages on the injunction by showing that the order of injunction was illegal and void.

### APPEAL FROM BARREN CIRCUIT COURT.

September 27, 1877.

OPINION BY JUDGE COFER:

At the October term, 1876, of the Barren Circuit Court, the appellees, Dickey and Lewis, recovered a judgment against the appellants for over $4,000, and to sell certain lands to satisfy the judgment.

The land was advertised for sale, and on the day of sale the appellants sued out an injunction enjoining further proceedings under the judgment. The injunction was served and the sale suspended. On motion of Chambers, the circuit judge dissolved the injunction, reserving in the order the question of damages to be disposed of by the court. At the succeeding term a motion for damages was heard and a judgment therein rendered for $169, being 4 per cent. on the amount of the judgment.

This appeal seeks a reversal of that judgment.

The appellants assign two errors: 1. That the damages awarded

are excessive; 2. That the injunction was a nullity and presented no legal obstruction to the further proceedings on the judgment.

1. The injunction, if valid, enjoined a judgment for money, and under Sec. 295, Civil Code, the damages might be any per cent. on the sum released by the dissolution, which in the discretion of the court was proper, not, however, to exceed 10 per cent. The suit was brought in Barren county, and the motion for dissolution was made in Adair; an attorney was employed, notices were given and the enforcement of the judgment delayed; and we cannot say, even if we have power to control the discretion of the circuit court in such a case, that there was an abuse of a sound discretion in fixing the amount of the damages.

2. The objection taken to the validity of the injunction is that it was granted by the clerk of the circuit court, but he failed to make a formal order granting the injunction. There is no such order in the record, and it may or may not be that the injunction was for that reason invalid; but the appellants caused an injunction to issue, and the proceedings were in fact suspended in obedience to the command of the writ.

It may be that for want of an order granting the injunction the appellees might have disregarded it without being guilty of contempt of court. But this is by no means certain, and it would seem unreasonable that the appellants should be allowed to cause an injunction to be issued and served, and then be permitted to escape the payment of the damages on the ground that they had procured an illegal and void process. The appellees were bound to suspend proceedings under their judgment or take the risk of being proceeded against and punished for contempt, and this risk the appellants insist they should have taken in order to relieve them of liability for damages. They are estopped to rely upon such a defense to the motion.

If this were a proceeding upon the injunction bond against the sureties therein a different principle might prevail.

Judgment *affirmed*.

*Bowles & McQuown, for appellants.*

*Leslie & Bolts, for appellees.*